IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TANITA BURTON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO. _____ |
| v. ) | |
| ) | |
| GRADE, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

COMES NOW Tanita Burton (hereinafter "Ms. Burton"), Plaintiff in the above-styled matter, by and through her undersigned counsel of record, and hereby files her Complaint in this action against Grade, Inc., (hereinafter "Grade, Inc." or "Defendant"), and shows this Honorable Court as follows:

### Jurisdiction and Venue

1.

Ms. Burton brings this action against Grade, Inc., for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216 ("FLSA"), which authorizes employees to institute civil actions in Court to recover damages for an employer's failure to pay overtime wages as required by the FLSA.

2.

This Court has jurisdiction over Ms. Burton's claims pursuant to 28 U.S.C. § 1331, in that this is an action arising under the laws of the United States.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and (c), in that Grade, Inc. resides within the Northern District of Georgia, Atlanta Division and a substantial part of the events giving rise to this cause of action occurred within the Northern District of Georgia, Atlanta Division.

## The Parties

4.

Ms. Burton resides at 902 Clubhouse Circle, Apartment E, Decatur, GA 30032, and for the purposes of the instant action, submits to the jurisdiction and venue of this Court.

5.

Grade, Inc. is a Georgia Corporation with its principal office located at 6142 Old Dixie Highway, Forest Park, GA 30297. Grade, Inc. regularly does business in the State of Georgia and may be served through its registered agent, Shams Nanj, located at 6142 Old Dixie Hwy, Forest Park, Clayton County, GA 30297.

**Statement of Facts**

6.

Grade, Inc., a merchandise broker associated with gasoline stations and convenience stores, is a corporate entity engaged in an industry affecting interstate commerce.

7.

Grade, Inc. is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

8.

At all relevant times, Ms. Burton was an "employee" of Grade, Inc. within the meaning of FLSA, 29 U.S.C. § 203(e)(1).

9.

At all relevant times, Ms. Burton was a non-exempt (cashier) employee entitled to overtime compensation within the meaning of FLSA, 29 U.S.C. §§ 206, 207(i), and 216(b).

10.

Ms. Burton was paid on an hourly basis in the amount of $8.00 per hour and was entitled to overtime for all hours worked in excess of forty (40) hours per week in the amount of $12.00 per hour.

11.

During her employment with Grade, Inc., Ms. Burton frequently worked in excess of forty (40) hours per week.

12.

Grade, Inc. failed to properly compensate Ms. Burton at the rate of $12.00 per hour for hours worked in excess of forty (40) per week.

13.

Ms. Burton complained of the lack of overtime pay for the hours she had worked.

14.

Grade, Inc. terminated Ms. Burton as a result of the complaints.

15.

Before filing this Suit, Ms. Burton tried to resolve this claim with Grade, Inc. Ms. Burton, through counsel, sent a letter seeking to resolve the matter without litigation.  Grade, Inc. acknowledged receipt of the letter, retained counsel, but refused to pay Ms. Burton the unpaid compensation due her. As a result of the foregoing, Ms. Burton files this suit, seeking the wages she earned, liquidated damages, attorneys' fees and costs.

**Count I: Violations of the Fair Labor Standards Act**

16.

Ms. Burton incorporates Paragraphs 1 through 15 of this Complaint, as if same were set forth fully herein.

17.

As set forth above, Grade, Inc. has violated the FLSA, 29 U.S.C. § 207.

18.

Grade Inc.'s actions were willful, in bad faith and entitle Ms. Burton to liquidated damages pursuant to the FLSA, 29 U.S.C. § 216.

19.

As a result of Grade, Inc.'s violations of the FLSA, Ms. Burton is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated damages attorneys fee's and costs pursuant to the FLSA, 29 U.S.C. § 216.

**Count II: Retaliation**

20.

Ms. Burton incorporates Paragraphs 1 through 19 of this Complaint, as if same were set forth fully herein.

21.

In lodging a complaint with Grade, Inc. regarding its failure to provide compensation for overtime pay, Ms. Burton engaged in protected activity under the FLSA.

22.

Grade, Inc. fired Ms. Burton because she requested to be paid overtime that she was due as required by federal law. Grade, Inc., thus violated 29 U.S.C. § 215(a)(3).

23.

As a result of Grade, Inc.'s violation of the anti-retaliation provisions of the FLSA, Ms. Burton is entitled to damages in an amount to be determined by the trier of fact.

## **Jury Demand**

24.

Ms. Burton requests a trial by jury on all counts of her Complaint.

## **Prayer**

WHEREFORE, Ms. Burton prays for the following relief:

(a) That Grade, Inc. be served with process and be required to answer this lawsuit;

(b) For a trial by a jury;

(c) For a Judgment in favor of Ms. Burton and against Grade, Inc. for unpaid overtime wages and liquidated damages pursuant to the FLSA;

(d) For an award of litigation expenses and costs, including attorneys' fees pursuant to the FLSA;

(e) For actual damages suffered as a result of the retaliatory discharge; and

(f) For such other and further relief as this Court deems just and proper.

Respectfully submitted this 4th day of September, 2012.

**COHAN LAW GROUP, LLC**

3340 Peachtree Rd.
Suite 580
Atlanta, GA 30326
404.891.1770 – Telephone
404.891.5094 – Facsimile
lcohan@cohanlawgroup.com
hdonahue@cohanlawgroup.com

/s/ Louis R. Cohan
LOUIS R. COHAN
Georgia Bar No.: 173357
HEATHER C. DONAHUE
Georgia Bar No.: 231599

*Counsel for Plaintiff*